UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THERESA GARNER,

                Plaintiff,

-against-

FBI,

                Defendant.

1:24-CV-3291 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Theresa Garner, of Milwaukee, Wisconsin, brings this *pro se* action asserting claims against the Federal Bureau of Investigation (FBI) under the Federal Tort Claims Act ("FTCA"). For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of Wisconsin.

## DISCUSSION

    The relevant venue provision for claims under the FTCA is found at 28 U.S.C. § 1402(b). Under that provision, such claims "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff resides in Milwaukee, Milwaukee County, Wisconsin, which lies within the Eastern District of Wisconsin. *See* 28 U.S.C. § 130(a). Thus, the United States District Court for the Eastern District of Wisconsin is a proper venue for this action.

    Plaintiff also seems to allege that the events that are the bases for her claims occurred in Milwaukee County, Wisconsin, in Arizona, as well as in Niagara Falls, Niagara County, New York, and perhaps, elsewhere.[1] She does not allege, however, that any of the events that are the

---

[1] Niagara County lies within the Western District of New York. 28 U.S.C. § 112(d).

bases for her claims occurred within this judicial district.[2] Thus, while, in addition to the United States District Court for the Eastern District of Wisconsin, other federal district courts may be proper venues for this action, it is clear that this court is not a proper venue.

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). For the reasons discussed above, venue lies in the United States District Court for the Eastern District of Wisconsin. *See* §§ 103(a), 1402(b). Accordingly, in the interest of justice, this Court transfers this action to that court. *See* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of Wisconsin. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court. The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 10, 2024
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).